UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANYA ROSEN, *as parent and natural guardian of infant plaintiff Joseph Vincent Cannariato, et uno*,

                    Plaintiffs,

-v-

RITZ-CARLTON HOTEL CO. LLC *and* MARRIOT INT'L, INC.,

                    Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/2015

No. 14-cv-1385 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is Defendants' motion to dismiss this case pursuant to the doctrine of forum non conveniens, or, alternatively, to transfer it to the District of Puerto Rico pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court denies the motion to dismiss for forum non conveniens, but grants the motion to transfer.

I. BACKGROUND[1]

On February 14, 2013, Infant Plaintiff accompanied his father, nanny, and mother, who appears here as Plaintiff's Guardian, on a family vacation in San Juan, Puerto Rico. (Compl. ¶ 7). The family stayed at the Ritz-Carlton, San Juan in adjacent rooms, with Guardian Plaintiff and the father in one room, and Infant Plaintiff and his nanny in the other. (Compl. ¶¶ 9-10.) On February 16, 2013, Infant Plaintiff was badly burned when a cup of hot water fell on him from the coffee maker contained in his hotel room. (Compl. ¶¶ 13-17.) Infant Plaintiff sustained severe burns that

---

[1] For the purposes of this Opinion and Order, the Court accepts all allegations in the Complaint (Doc. No. 2 ("Compl.")) as true.

were treated on site at the hotel, at the burn unit of a local San Juan hospital, and at the burn center of a New York City hospital. (Compl. ¶¶ 20-27.)

On March 3, 2014, upon returning from the family vacation, Guardian Plaintiff brought suit against Defendants on behalf of Infant Plaintiff for negligence and negligent infliction of emotional distress. (Compl. ¶¶ 30-40.) The Court held a conference on July 10, 2014, at which the parties discussed the Court's prior opinion in *Wechsler v. Four Seasons Hotel Ltd.*, No. 13-CV-8971 (RJS), 2014 WL 2604109 (S.D.N.Y. June 10, 2014). On July 24, 2014, Defendants filed their motion to dismiss or transfer. (Doc. No. 14 ("Mem.").) Plaintiffs filed their opposition on August 15, 2014 (Doc. No. 16 ("Opp.")), and Defendants filed their reply on August 22, 2014 (Doc. No. 18 ("Rep.")).

## II. DISCUSSION

Under the doctrine of forum non conveniens, a court with legal authority to hear a case may refuse to do so if a more appropriate forum exists elsewhere. *See, e.g., Wiwa v. Royal Dutch Petrol. Co.*, 226 F.3d 88, 100 (2d Cir. 2000). However, as the Supreme Court has explained, "Congress has codified the doctrine [of forum non conveniens] and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). Here, the alternative forum is the District of Puerto Rico, a "sister federal court," and therefore the doctrine of forum non conveniens is inapplicable. Accordingly, Defendants' motion to dismiss pursuant to forum non conveniens is denied.

Nevertheless, "a district court may transfer any civil action to any other district or division where it might have been brought . . . [f]or the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a). For a motion to transfer venue, the burden is on the moving

party to show by "clear and convincing evidence" that transfer is proper. *CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d 16, 18 (S.D.N.Y. 2012) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am. Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)).

As the statute makes clear, Defendants must first show that the instant action could have been brought originally in the transferee district. *Whitehaus Collection v. Barclays Prods., Ltd.*, No. 11-CV-217 (LBS), 2011 WL 4036097, at *1 (S.D.N.Y. Aug. 29, 2011). Under 28 U.S.C. § 1391(b)(2), venue may be laid in any judicial district "in which a substantial portion of the events or omissions giving rise to the claim occurred." *Id.* In this case, the alleged accident occurred at the Ritz-Carlton hotel in San Juan, Puerto Rico, so this action could have been brought in the District of Puerto Rico. (Compl. ¶ 7.)

Once that threshold question is resolved, the Court must also take into account the convenience of the parties and witnesses and the interest of justice. "District courts have broad discretion" in making these determinations. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). However, courts are generally guided by several factors, including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins.* 599 F.3d at 112 (internal citation omitted). Alongside these factors, courts in this district routinely consider judicial economy, the interest of justice, and "the comparative familiarity of each district with the governing law." *CYI, Inc.*, 913 F. Supp. 2d at 19 (citing *Tomjai Enters., Corp. v. Lab. Pharmaplus U.S.A., Inc.*, No. 12-CV-3729 (RWS), 2012 WL 3104891, at *5–7 (S.D.N.Y. July 31, 2012)). The Court will address each of these factors in turn.

A. Plaintiffs' Choice of Forum

A "plaintiff's choice of forum is presumptively entitled to substantial deference." *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004). However, the weight afforded to a plaintiff's choice is diminished "where the operative facts lack a meaningful connection to the [chosen] forum." *GlaxoSmithKline Biologicals, S.A., v. Hospira Worldwide, Inc.*, No. 13-CV-1395 (PKC), 2013 WL 2244315, at *3 (S.D.N.Y. May 21, 2013).

Here, the locus of operative facts is clearly San Juan – not New York. The coffee maker and hotel room in question are in Puerto Rico, the alleged accident took place in Puerto Rico, the immediate medical response was in Puerto Rico, and the first week of medical treatment was also in Puerto Rico. The only aspect of this case that took place in New York was the ultimate medical treatment that Infant Plaintiff received. As Judge Sweet held in a case involving similar facts, such a scenario entitles Plaintiffs' choice of forum to limited weight. *Delarosa v. Holiday Inn*, No. 99-CV-2873 (RWS), 2000 WL 648615, at *5 (S.D.N.Y. May 19, 2000) (affording "relatively little weight" to plaintiff's choice of New York for her forum when the plaintiff suffered an injury at a hotel in North Carolina and underwent initial medical treatment in North Carolina, but later received additional medical treatment in New York). Accordingly, Plaintiff's choice of forum is not entitled to substantial deference.

B. Convenience of Witnesses

"Courts typically regard the convenience of witnesses as the most important factor in considering a § 1404(a) motion to transfer." *Whitehaus Collection*, 2011 WL 4036097, at *4 (quoting *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004)). Furthermore, the convenience of non-party witnesses is weighted more heavily than that of party witnesses. *See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402

(S.D.N.Y. 2005) (citing *Royal & Sunalliance v. British Airways*, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001)). Finally, the party moving for transfer "must provide the court with a detailed list of probable witnesses who will be inconvenienced if required to testify in the current forum." *Kiss My Face Corp. v. Bunting*, No. 02-CV-2645 (RCC), 2003 WL 22244587, at *2 (S.D.N.Y. Sept. 30, 2003).

This factor favors transferring the case to Puerto Rico. The majority of relevant witnesses is located and subject to jurisdiction in Puerto Rico. Plaintiffs list six New York-based witnesses in their Rule 26 disclosure, with two of those being Plaintiffs themselves. Defendants list nine Puerto Rico-based witnesses in their Rule 26 disclosure and an additional two Puerto Rico-based witnesses in their affidavit supporting their motion for transfer. Of Defendants' proposed Puerto Rico-based witnesses, five are local police officers or medical workers and the remainder are non-party Ritz-Carlton staff. While a Court should not just tally the various witnesses and their locations – the materiality of the proposed testimony is what matters most – it is important to note the disparity. *See Herbert Ltd. P'ship*, 325 F. Supp. 2d at 286.

Plaintiffs respond that the only two eyewitnesses to the actual accident – the father and nanny of Infant Plaintiff – are New York residents. Yet Plaintiffs also argue that eyewitness testimony will not be particularly important in this matter, since the only disputed issues are likely to be negligence and notice, which will be addressed largely by expert testimony and interrogatories. (Opp. at 8.) Thus, the Court finds that the disparity in the number of witnesses, and particularly non-party witnesses located in Puerto Rico, favors transfer of this action.

C. Location of Relevant Documents and Ease of Access to Sources of Proof

"The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents." *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v.*

*Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007). Because nothing in the parties' submissions indicates that production of documents would pose an obstacle to adjudication in either New York or Puerto Rico, the Court determines that this factor is neutral as to transfer.

### D. Convenience of Parties

Unsurprisingly, "[t]he convenience of the parties is often connected to the convenience of their respective witnesses." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 549-50 (S.D.N.Y. 2008). Therefore, while simply shifting inconvenience from one party to another does not support transfer, it is clear that when the convenience of witnesses weighs in one direction, the convenience of the parties will likely weigh in that direction as well. *See id.* at 550 (citing *Dwyer v. General Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994)). As has been discussed, the convenience of the witnesses favors Puerto Rico, so this factor likewise favors transfer to that District. Nevertheless, the fact that Defendants are corporations with significant operations in New York, coupled with the fact that Plaintiffs are individuals who reside in New York, with no discernible ties to Puerto Rico, suggests that this factor only slightly favors transfer.

### E. Locus of Operative Facts

"The location of operative facts is a primary factor in determining a § 1404(a) motion to transfer." *Whitehaus Collection*, 2011 WL 4036097, at *2 (citing *Billing v. Commerce One, Inc.*, 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002)). Here, it is clear that the locus of operative facts is San Juan, Puerto Rico. The alleged accident took place in San Juan, the instruments of the accident are located in San Juan, the emergency medical care took place in San Juan, and the first week of medical treatment took place in a San Juan hospital. (Mem. at 4.) The only factual connection with New York is the fact that Infant Plaintiff obtained further medical treatment in New York. As noted above, other courts in this district have found such a situation to present "a very

6

attenuated link" to New York. *Delarosa*, 2000 WL 648615, at *4 (citing *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 988 (E.D.N.Y. 1991)) (transferring a case involving a plaintiff who suffered a personal injury at a hotel in North Carolina because the instruments of the accident, most witnesses, and the initial medical treatment were all in North Carolina); *see also Donde v. Romano*, 2010 WL 3173321, at *2 (E.D.N.Y. Aug. 10, 2010) (holding that the operative facts occurred in New Jersey because that is where the accident took place despite the fact that plaintiff received some medical treatment in New York). Accordingly, the Court determines that this factor weighs heavily in favor of transferring the case to Puerto Rico.

F. Availability of Process to Compel the Attendance of Unwilling Witnesses

Even if a party's witnesses are beyond the subpoena power of the Court, if neither party asserts that a witness will be unwilling to testify voluntarily, the availability of process to compel testimony is irrelevant to the transfer analysis. *See Pace v. Quintanilla*, No. 13-CV-91 (RJS), 2013 WL 5405563, at *4 (S.D.N.Y. Sept. 23, 2013) (citing *Whitehaus Collection*, 2011 WL 4036097, at *5). Because neither party here has argued that any witnesses will not testify in New York or Puerto Rico voluntarily, this factor is neutral as to the § 1404(a) analysis.

G. Relative Means of the Parties

"A party arguing against or for transfer because of inadequate means must offer documentation to show that transfer (or the lack thereof) would be unduly burdensome to his finances." *MasterCard Int'l, Inc. v. Lexcel Solutions, Inc.*, No. 03-CV-7157 (WHP), 2004 WL 1368299, (S.D.N.Y. June 16, 2004) (quotation marks and citation omitted). While Plaintiffs argue that Defendants, as major corporations, "unquestionably have greater resources than the Plaintiffs and are better suited to endure any costs and/or inconvenience," (Opp. at 13), Plaintiffs have provided no documentation to suggest that transfer would be "unduly burdensome" on their

7

finances. To the contrary, the facts alleged in the Complaint demonstrate Plaintiffs' financial ability to travel to Puerto Rico and to stay at the Ritz-Carlton while on vacation. Accordingly, the Court determines that this factor is also neutral.

### H. Comparative Familiarity of Each District with the Governing Law

"Familiarity with the governing law as a factor in determining transfer of venue is 'generally given little weight in federal courts.'" *MASTR Asset Backed Sec. Trust 2007-WMC1, ex rel. U.S. Bank Nat. Ass'n v. WMC Mort. LLC*, 880 F. Supp. 2d 418, 423 (S.D.N.Y. 2012) (quoting *Am. Eagle Outfitters, Inc v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006)). But when the suit is premised on state law claims, this factor becomes more important. *See, e.g., NBA Properties, Inc. v. Salvino, Inc.*, No. 99-CV-11799 (AGS), 2000 WL 323257, at *9 (S.D.N.Y. Mar. 27, 2000). Here, although Plaintiffs' negligence and negligent infliction of emotional distress claims are premised on state law, they are common causes of action such that courts in Puerto Rico do not have a significant familiarity advantage over this Court. Therefore, the Court determines that this relatively unimportant factor is also neutral.

### I. Judicial Economy and Interest of Justice

While not part of the formal § 1404(a) inquiry, courts often consider judicial economy and the interest of justice when weighing a transfer motion. *See Pace*, 2013 WL 5405563, at *5 (citing *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 234 (S.D.N.Y. 2003)). The usual concern that transferring a case would undermine judicial economy – because it would require a new court to familiarize itself with the facts of the case – is not particularly present here. The only matter the parties have briefed before this Court is Defendants' motion to transfer. Therefore, it would not materially delay resolution of the case to transfer it to Puerto Rico.

Transferring the case would, however, further the interest of justice. The District of Puerto Rico is clearly the forum with the most meaningful connection to the facts underlying this case. The locus of operative facts and convenience of witnesses – particularly non-party witnesses – weigh strongly in favor of transfer, and the limited deference afforded to Plaintiffs' choice of forum does not overcome that weight. When the "natural focus of [the] litigation is [the transferee district]," granting transfer furthers the interest of justice. *Delarosa*, 2000 WL 648615, at *5. Consequently, the interest of justice weighs in favor of transfer.

### IV. CONCLUSION

Weighing the factors set forth above, the Court in its discretion determines that Defendants have met their burden of demonstrating by "clear and convincing evidence" that transfer is appropriate. Accordingly, IT IS HEREBY ORDERED THAT Defendants' motion to transfer is granted, and that this action shall be transferred to the District of Puerto Rico. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 14.

SO ORDERED.

DATED:   December 31, 2014
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE